**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

**FILED**

**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PETROCHEM INSULATION, INC.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-70** (Board of Appeals Docket No. 20-NOV-4)

**WEST VIRGINIA OFFICE OF MINERS'**
**HEALTH, SAFETY AND TRAINING,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Petrochem Insulation, Inc. ("Petrochem") appeals the Board of Appeals' January 30, 2025, Final Order. In that Final Order, the Board of Appeals[1] upheld charged violation number 219-0365-2020 and the assessment of $138 for Petrochem's violation of West Virginia Code of State Rules § 36-23-27.2(a) (1995) for storing a steel plate within ten feet of an exterior wall which was not higher than the steel plate. Respondent West Virginia Office of Miners' Health, Safety and Training ("OMHST") filed a response in support of the Board of Appeals' Final Order.[2] Petrochem filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law, but there is prejudicial error. For these reasons, a memorandum decision reversing the Board of Appeals' Final Order is appropriate under Rule 21(d) of the Rules of Appellate Procedure.

This case arises from an administrative enforcement action taken against Petrochem by OMHST following a workplace accident that occurred at the Leer South Mine coal preparation plant in Barbour County, West Virginia, on August 21, 2020. The parties stipulated to the facts as follows:

---

[1] Chapter 22A of the West Virginia Code refers to the "Board of Appeals," but the Supreme Court of Appeals of West Virginia has previously characterized it as the "Coal Mine Safety Board of Appeals." *State ex rel. Wooten v. Coal Mine Safety Bd. of Appeals*, 226 W. Va. 508, 517, 703 S.E.2d 280, 289 (2010).

[2] Petrochem is represented by Christopher D. Pence, Esq., and Justin K. Chandler, Esq. OMHST is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General John H. Boothroyd, Esq.

1.      On September 10, 2020, WVOMHST issued a Notice of Violation, 219-0365-2020 against Petrochem for violating W. Va. Code State Rules, Section 36-23-27.2 (a). The violation states:

> During the investigation of a reportable accident that occurred on August 21, 2020 at approximately 12:40 p.m. that involved a sheet of 3/8ths inch quadrilateral steel plate measuring approximately 33 inches X 5 feet and weighing approximately 200 lbs. In addition a piece of corrugated panel measuring approximately 3 feet X 2.25 inches fell from the second floor along with the quadrilateral steel plate striking the employee while he was standing on a work platform removing the corrugated panel from the outside of the building pushing him back on the landing and down four steps to the original ground. Evidence indicates the quadrilateral steel plate was stored within 10 feet of the exterior wall. (Exhibit One/Notice of Violation 219-0365-2020)

2.      West Virginia Code State Rules, Section 36-23-27.2 (a) (General Requirements for Storage) provides:

> Material stored inside of buildings under construction shall not be placed within six (6) feet of any hoistway or inside of floor openings, not within ten (10) feet of an exterior wall which does not extend above the top of the material stored.

3.      Petrochem disputes that it violated West Virginia Code State Rules, Section 36-23-27.2(a).

4.      Petrochem provides services to industrial and commercial markets nationwide and in order to ensure safe and efficient project completion. Petrochem employs approximately 350 persons throughout the United States, with approximately thirty persons working in the mineral extraction industry at any time.

5.      On the dates of August 20, 2020 and August 21, 2020, Respondent was contracted to do work at the clean coal transfer building at the Leer South Mine preparation plant in Barbour County, West Virginia. Respondent had been contracted to do work by Powell Construction, which had been contracted by Wolf Run Mining, LLC.

6.      On August 21, 2020, one of the jobs Petrochem performed at the Leer South Mine was the removal of the exterior wall panels of the clean coal transfer building.

7.      The clean coal transfer building is a two story building in which coal is transferred from one belt system to a second belt system. The clean coal transfer building is the building photographed in Exhibit Two (9/1/20 Incident Investigation Template) and Exhibit Nine (Transcript photographs).

8.      On the afternoon of August 20, 2020, Gustavo Carranza, a supervisor for Petrochem, welded nuts inside of the second floor exterior wall along the wall's support columns. This allowed two wire cables to be installed along the exterior wall to function as a guardrail when the exterior wall was removed.

9.      When Carranza was in the area on August 20, 2020, he observed a large metal plate installed on top of the cleanout access located on the second story of the clean coal transfer building. Carranza did not observe any large metal plate stored up against the exterior walls nearby the cleanout access. The cleanout access is photographed in Exhibit Two and Exhibit Nine.

10.     On August 21, 2020, prior to the start of the work shift, Petrochem employee's completed a Job Hazard Analysis, which was reviewed by Carranza. The Job Hazard Analysis is part of Exhibit Two.

11.     On August 21, 2020, prior to the start of the work shift, Carranza completed a workplace examination. The results of the workplace examination, including that for August 21, 2020, are maintained in a chart format and are attached as Exhibit Three.

12.     At approximately 8:00 a.m. on August 21, 2020, Lorenzo Castillo and Salvador Leiva, who both worked for Petrochem, installed two wire cables through the nuts that Carranza installed the previous day. The top wire was approximately 32 inches above the floor of the second story of the clean coal transfer building. These installed wire cables are photographed in Exhibit Two and Exhibit Nine.

13.     As they installed the wire rope guardrails, Castillo and Leiva cleared away items that were on the floor by the exterior wall panels on the second floor of the clean coal transfer building. These items included a conveyor roller section, fire extinguisher and other objects. They removed all items that could have fallen when the walls were removed. They did not see any large metal plate stored up against the exterior wall nearby the cleanout access.

3

14.     After installing the wire cables, Castillo and Leiva began removing the exterior siding or wall panels from the clean coal transfer building. Castillo and Leiva first removed the panels from the lower sections of the building because they could not obtain a manlift.

15.     At approximately 12:40 p.m. on August 21, 2020, Castillo and Leiva started to remove exterior wall panels around the side of the clean coal transfer building which had an exterior staircase leading up to the second floor of the building. This staircase and staircase side of the building is photographed in Exhibit Two and Exhibit Nine.

16.     At approximately 12:40 p.m. on August 21, 2020, Castillo and Leiva removed an exterior wall panel and after pulling down the panel, a metal plate measuring 33 inches by 5 feet and 3/8 inch thick weighing approximately 200 pounds fell from the second floor of the clean coal transfer building where the exterior wall panel had been. The panel and the panel's location at the time of removal are photographed and shown in Exhibit Two and Exhibit Nine.

17.     At the time the metal plate fell, both Castillo and Leiva were located on the staircase below the panel being removed.

18.     The metal plate fell as the panel was removed, glanced Castillo's hard hat, hit Castillo between his left eye and ear, and caused Castillo to fall backwards.

19.     Castillo was taken to a local hospital. Castillo received 14 stitches for a facial laceration, but did not suffer any other significant injury and returned to work.

20.     On August 28, 2020, Petrochem filed a Mine Accident and Injury Report with WVOMHST which is Exhibit Four.

21.     Petrochem conducted an investigation of the incident and set forth its report of the incident in a September 1, 2020 "Incident Investigation Template" which is Exhibit Two. This report was provided to Wolf Run Mining. The report was amended on September 2, 2020, immediately after Petrochem learned from Wolf Run Mining that the conveyors were reported as not running on August 21, 2020, the date of the accident. The specific changes to the September 2, 2020 "Incident Investigation Template" are reflected in Exhibit Five. These reports were based on information available to it [sic] Petrochem at the time. Nevertheless, Carranza recalls that the conveyor ran for a short time on Friday morning, August 21, 2020, although he does not recall the specific time. Exhibit One and Four were provided to the OMHST by Wolf Run Mining

4

22. According to the Incident Investigation Template, Carranza remembered seeing the metal plate on top of the cleanout access in the clean coal transfer building on August 20, 2020 because he could not see down into the cleanout access on that date but could see down into the cleanout access on August 22, 2020 when Petrochem was investigating the accident. The cleanout access is close by the exterior wall panel which Castillo and Leiva removed and had the metal plate fall on Castillo. Photographs of the cleanout access are in Exhibit Two and Exhibit Nine.

23. The metal plate, which struck Castillo, matches the opening for the cleanout access.

24. According to the Incident Investigation Template, neither Castillo nor Leiva saw a large metal plate against the exterior wall panel when they were installing the cable wire guardrails.

25. Michael Southern, a mine inspector with WVOMHST, investigated the incident.

26. Southern, as part of his investigation, interviewed Carranza, Castillo and Leiva on September 3, 2020. Southern also interviewed Josh Williamson, superintendent of Powell Construction. Southern's notes from the interviews are Exhibit Six

27. Southern, as part of his investigation, obtained the Daily Reports for Leer South Plant for August 20, 2020 and August 21, 2020, which indicate that the plant had stopped processing raw coal at 7:00 p.m. on August 20, 2021 [sic] and did not process raw coal on August 21, 2021 [sic]. These Daily Reports are Exhibit Seven.

28. Southern, as part of his investigation, obtained the preshift-mine examiner's reports and the daily and onshift reports for the Leer South Mine prep plant buildings for the dates of August 20, 2021 [sic] and August 21, 2021 [sic]. These reports were completed by Powell Construction employees and are Exhibit Eight.

29. On August 20, 2020 and August 21, 2020, the clean coal transfer building was accessible by several entrance points, including the entrance at the top of the staircase where Castillo was hit by the metal plate.

30. During the investigation, no employee of Powell Construction, Wolf Run Mining or Petrochem, identified themselves as having moved on August

5

20, 2020 and August 21, 2020, a metal plate and storing the metal plate against either the exterior wall panel or the cable wire guardrail.

31.     Southern regularly inspects the Leer South Mine and did not remember ever seeing a large metal plate covering the cleanout access during any of his inspections.

32.     Based upon the investigation, WVOMHST has concluded that it cannot identify the person(s), whether an employee of Powell Construction, Wolf Run Mining or Petrochem, who placed the metal plate against either the exterior wall panel or the cable wire guardrail.

33.     Based upon the investigation, WVOMHST has concluded that it cannot determine the time and date when the metal plate was placed against either the exterior wall panel or the cable wire guardrail.

34.     Based upon the investigation, WVOMHST has concluded that it cannot determine whether the metal plate was located against either the exterior wall panel or located against the cable wire guardrail at the time Castillo and Leiva removed the exterior wall panel. WVOMHST, however, has concluded that the metal plate was located against one of those two locations.

35.     Based upon the investigation, WVOMHST has concluded it cannot determine whether a Petrochem employee physically placed or moved the metal plate on August 20, 2020 or 21, 2020.

36.     Petrochem's job was to remove the wall. Based upon the investigation, WVOMHST is not aware of any job assigned to Petrochem, which would have required it to move or place the metal plate against the exterior walls they were to remove.

37.     WVOMHST agrees that the placement or storage of the metal place against either the exterior wall panel or the cable wire guardrail, while the exterior wall was still in place, would not have been in violation of W. Va. Code State Rules, Section 36-23-27.2 (a)

38.     Mike Southern was deposed in connection with this matter. The transcript is attached hereto as Exhibit Nine.

39.     Southern issued a Contractor Accident Investigation Report which is Exhibit Ten.

40.     Southern issued an Inspection Report for the incident which is Exhibit Eleven.

41.     Southern issued a Notice of Violation, 219-0365-2020 against Petrochem for violating W. Va. Code State Rules, Section 36-23-27.2 (a) which is Exhibit One.

42.     On October 20, 2020, WVOMHST issued a Notice of Assessment for violation number 219-0365-2020 which is Exhibit Twelve.

Based on the stipulated facts and the briefing of the parties, on January 30, 2025, the Board of Appeals issued the order on appeal. In that Final Order, the Board of Appeals found and concluded:

1.     The Board finds that West Virginia Code State Rules, Section 36-23-27.2 (a) prohibits materials to be stored within 10 feet of an exterior wall, which is not higher than the materials being stored.

2.     The Board finds that on August 21, 2020, a 3 by 5 foot steel plate was stored within 10 feet of the exterior wall on the second story of the clean coal transfer building at the Leer South Mine preparation plant in Barbour County, West Virginia and was being supported by an exterior wall panel.

3.     The Board finds that at approximately 12:40 p.m. on August 21, 2020, Petrochem removed the exterior wall panel which was supporting the steel plate.

4.     The Board finds that by removing this exterior wall panel, the steel plate was being stored within 10 feet of an exterior wall, which was no longer higher than the stored steel plate. Petrochem's change in the storage conditions caused the steel plate to fall off the second story of the clean coal transfer building and hit a worker.

5.     The Board finds that OMHST has proven that on August 21, 2020, Petrochem violated West Virginia Code State Rules, Section 36-23-27.2 (a).

6.     The Board finds that OMHST's assessment of $138.00 is warranted.

Our review of this matter is governed by the State Administrative Procedures Act, and it provides:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners

have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 22A-1A-2(d) (2019) (stating judicial review of OMHST Board of Appeals decisions is governed by the State Administrative Procedures Act, W. Va. Code § 29A-5-4).[3]

On appeal, Petrochem argues that the Board of Appeals erred in concluding that Petrochem violated West Virginia Code of State Rules § 36-23-27.2(a) because there is no evidence Petrochem stored the steel plate and the Rule does not apply to the removal of exterior wall panels. We agree. West Virginia Code of State Rules § 36-23-27 is titled "General Requirements for *Storage*." (emphasis added). West Virginia Code of State Rules § 36-23-27.2 is titled "Material *storage*." (emphasis added). West Virginia Code of State Rules § 36-23-27.2(a) provides, "[m]aterial *stored* inside buildings under construction shall not be placed . . . not within ten (10) feet of an exterior wall which does not extend above the top of the material *stored*." (emphasis added). As noted in the title of this Rule, West Virginia Code of State Rules § 36-23-27.2(a) applies to the *storage* of material.

Here, there is nothing in the stipulated facts or the record to indicate that Petrochem was involved in, or responsible for, the storage or placement of the steel plate at issue. In fact, the stipulated facts, agreed to by the parties, at paragraphs 32 through 36, establish

---

[3] Technically this appeal is not governed by West Virginia Code § 22A-1A-2, as that section specifically applies to appeals of Board of Appeals orders on substance abuse related suspensions issued under Article 1A of Chapter 22A. West Virginia Code § 22A-5-2, which governs the Board of Appeals generally, provides that "[j]udicial review of decisions by the board of appeals shall be available and conducted in the same fashion as set forth in [West Virginia Code § 22A-1-19]." West Virginia Code § 22A-1-19 does not address whether the State Administrative Procedures Act governs judicial review of Board of Appeals decisions. However, West Virginia Code of State Rules § 37-1-1 provides that the Administrative Procedures Act applies to all procedural issues in Board of Appeals proceedings not specifically addressed under the applicable regulations. W. Va. Code R. 37-1-1.1(d).

that there is no evidence that Petrochem was involved in or responsible for the storage or placement of the subject steel plate. Accordingly, we find that the Board of Appeals was clearly wrong in concluding that Petrochem violated West Virginia Code of State Rules § 36-23-27.2(a), as that Rule governs the storage of material and there is nothing in the record to indicate that Petrochem was involved in the storage of the steel plate.

Therefore, we reverse the January 30, 2025, Final Order of the Board of Appeals.

Reversed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White